IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BELLON, | ) | CIVIL ACTION NO. 3:15-cv-131 |
| | ) | |
| Petitioner, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| TAMMY FERGUSON, *Superintendent of* | ) | |
| *SCI Benner Township,* | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This case was referred to Magistrate Judge Keith A. Pesto ("Judge Pesto") for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

Pro se Petitioner Charles Bellon ("Bellon") filed a "Motion for Relief Under Rule 60(b)[,]" on December 21, 2023. (ECF No. 126). Six days later, Judge Pesto addressed that Motion by way of a Report and Recommendation. (ECF No. 127). He recognized that, at that time, the Court "ha[d] no jurisdiction … to grant the relief [Bellon] seeks" because Bellon's appeal from the Court's previous denial of relief was still pending before the United States Court of Appeals for the Third Circuit. (*Id.*). Nonetheless, he recommended that Bellon's Motion be denied as improper. (*Id.*). Bellon objected to Judge Pesto's Report and Recommendation. (ECF No. 128).

The Third Circuit issued its Mandate on May 31, 2024, (ECF No. 133), dismissing Bellon's appeal as moot, (ECF No. 133-2 at 5). Shortly thereafter, Bellon filed a Motion requesting that the Court rule on his Rule 60(b) Motion, (ECF No. 134), which prompted Judge Pesto to issue a second Report and Recommendation, (ECF No. 135). Judge Pesto recognized that the Third Circuit's

Mandate "remove[d] the jurisdictional impediment" and again recommended that Bellon's Rule 60(b) Motion be denied. (*Id.*). Bellon objected to this Report and Recommendation as well. (ECF No. 138).

For the following reasons, the Court will **ADOPT** Judge Pesto's Reports and Recommendations at ECF Nos. 127 and 135, **DENY** Bellon's objections thereto at ECF Nos. 128 and 138, and therefore **DENY** Bellon's underlying Rule 60(b) Motion at ECF No. 126. In short, the Court concludes, as Judge Pesto did, that this case is not the appropriate forum through which Bellon can advance the vast majority of the arguments he presents in his Rule 60(b) Motion.

I.     **Background**

A.     **Relevant Factual and Procedural Background**

In May 2002, the Pennsylvania Office of Attorney General charged Bellon with 23 offenses, including seventeen counts of possession with intent to deliver a controlled substance ("PWID"). *Commonwealth v. Bellon*, No. 137 WDA 2020, 2021 WL 688787, at *1 (Pa. Super. Ct. Feb. 23, 2021) (citing *Commonwealth v. Bellon*, 227 A.3d 426 (Pa. Super. Ct. 2018)). Bellon ultimately proceeded to trial in August 2006 before the Blair County Court of Common Pleas. *Id.* at 2. He was convicted of eleven counts of PWID, along with five other offenses. *Id.* Bellon was sentenced to a period of 7 to 14 years in prison at ten of the PWID convictions, which culminated in an aggregate term of 31 to 62 years imprisonment, considering all counts. *Id.*

Bellon filed a pro se Post Conviction Relief Act ("PCRA") petition challenging his sentence in September 2011. *Id.* at 3. The PCRA court, after conducting an evidentiary hearing, denied Bellon's Petition nearly a year later. *Id.* The Pennsylvania Superior Court affirmed, and the Pennsylvania Supreme Court denied Bellon's petition for an allowance of appeal. *Id.* (citing

*Commonwealth v. Bellon*, 106 A.3d 154 (Pa. Super. Ct. 2014); *Commonwealth v. Bellon*, 109 A.3d 677 (Pa. 2015)).

In May 2015, Bellon filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. (ECF No. 1).[1] Bellon asserted six grounds for relief in his Petition, only one of which is relevant to his pending Rule 60(b) Motion—namely, that he was serving an illegal sentence. (ECF No. 67 at 22). On that score, he argued that while he was sentenced to 7 to 14 years' incarceration on ten of his PWID convictions, the statutory maximum period of incarceration for those offenses was 10 years. (*Id.*).

Judge Pesto issued a Report and Recommendation addressing Bellon's Petition in August 2019. (ECF No. 76). After rejecting five of Bellon's six asserted grounds for relief, (*id.* at 8–14), Judge Pesto turned to the legality of Bellon's sentence, (*id.* at 14). Noting that the Pennsylvania Attorney General conceded that Bellon's sentence as to ten of his PWID convictions exceeded the statutory maximum, Judge Pesto found that Bellon was "entitled to habeas relief in this respect." (*Id.* at 15–16). Accordingly, he recommended that Bellon's Petition be conditionally granted in part on this basis. (*Id.* at 16). Bellon objected to Judge Pesto's Report and Recommendation shortly after it was filed. (ECF No. 79).

Judge Pesto also issued an Order clarifying his Report and Recommendation. (ECF No 78). There, Judge Pesto explained that his Report and Recommendation "did not speak to either" of the following issues: (1) the minimum term of imprisonment associated with the ten PWID

---

[1] The Court notes that Bellon also filed an "Amended 2254 Petition for Writ of Habeas Corpus[,]" (ECF No. 66), and a "Supplemental and Final Amended 2254 Petition for Writ of Habeas Corpus[,]" (ECF No. 67), in November 2017 and January 2018, respectively. Thus, the three filings at ECF Nos. 1, 66, and 67, collectively served as Bellon's Petition.

convictions, or (2) whether Bellon was entitled to resentencing de novo. (*Id.* at 1–2). He reasoned

that those issues are not "within the scope of federal habeas relief, which generally is limited to

correcting extreme malfunctions of federal rights[.]" (*Id.* at 2).

In September 2019, this Court issued a Memorandum Order adopting Judge Pesto's

Report and Recommendation. (ECF No. 80). The operative Order stated, in full:

> AND NOW, this 27[th] day of September, 2019, it is ORDERED that the petitioner's
> petition for a writ of habeas corpus is granted in part and denied in part as
> recommended in the Report and Recommendation at ECF no. 76 as supplemented
> at ECF no. 78, which is adopted as the opinion of the Court. A writ of habeas
> corpus shall issue if within 120 days the Court of Common Pleas of Blair County
> does not impose a new judgment of sentence in which the maximum sentence as
> to Counts II, III, IV, V, VI, VII, VIII, X, XI, and XII, is 10 years. This does not
> constrain petitioner from seeking or the Court of Common Pleas from making any
> other change to its judgment of sentence. A certificate of appealability is denied.
> The Clerk shall mark this matter closed.

(*Id.* at 2).

Bellon appealed from the Court's Order, (ECF No. 81), but the Third Circuit denied his

Motion for a Certificate of Appealability, (ECF No. 85).

After this Court's Order issued, the Commonwealth filed a memorandum in state court

requesting that the Blair County Court of Common Pleas amend Bellon's maximum sentences for

the ten PWID convictions from 14 years' incarceration to 10 year's incarceration. *Bellon*, 2021 WL

688787, at *5. Bellon responded and argued "that imposing a new sentence, without holding a

fully-litigated sentencing hearing, would be illegal." *Id.* But the Court of Common Pleas rejected

Bellon's argument and issued an order altering the maximum sentences for Bellon's ten PWID

convictions in January 2020. *Id.*

Bellon appealed to the Pennsylvania Superior Court. *See generally id.*  There, he argued

that (1) the Court of Common Pleas' reimposition of his 7-year mandatory minimum sentence at the ten PWID convictions was illegal in light of Supreme Court precedent, and (2) the Court of Common Pleas' failure to afford him a full sentencing hearing rendered his altered sentence illegal. *Id.* at *6–7, 9. But the Superior Court rejected both arguments and affirmed Bellon's judgment of sentence. *Id.* at *10.

Two months later, back in this Court, Bellon filed a "Rule 70 Motion for Enforcing the Judgment of Immediate Release[.]" (ECF No. 99). His overarching argument—that this Court's habeas judgment required the Blair County Court of Common Pleas to conduct a plenary resentencing hearing and that his new sentence is illegal because the court did not do so—tracked the second argument he advanced on appeal to the Superior Court. (*Id.*).

Bellon pointed to the portion of Judge Pesto's Report and Recommendation that stated: "If the Court of Common Pleas does not vacate the judgment of sentence and reimpose a new judgment of sentence, the writ should issue ... to release [Bellon] from the judgment of sentence imposed by the Court of Common Pleas[.]" (ECF No. 76 at 16). By Bellon's telling, because the Court of Common Pleas did not vacate, but instead altered, his sentence, a writ should have issued for his immediate release. (ECF No. 99 at 2). Relatedly, Bellon argued that this Court's Order "entitled" him to "a new sentencing proceeding" before the Court of Common Pleas. (*Id.* at 12).

In February 2022, Judge Pesto issued a Report and Recommendation, recommending that Bellon's Rule 70 Motion be denied. (ECF No. 110). He began by concisely explaining that

> the distinction [between vacating a sentence and altering a sentence] matters to
> [Bellon] because in his second collateral attack on his conviction and sentence in
> the state courts he sought to assert a claim based on *Alleyne v. United States*, 570

U.S. 99 (2013). The state courts held that because [Bellon] was sentenced in 2007 and *Alleyne* has not been held to apply retroactively, [Bellon] could not assert an *Alleyne* claim. However, if the resentencing that occurred as a result of the writ "vacated" the original sentence and [Bellon's] sentence must be considered to date from the January [] 2020 resentencing, then he would not be seeking retroactive application of *Alleyne*.

(*Id.* at 2).

Turning to Bellon's argument, Judge Pesto found that it "falter[ed] because it rest[ed] on a misquotation of the Court." (*Id.*). He explained that contrary to Bellon's assertion, the Court's Order adopting his Report and Recommendation "used neither the term 'vacate' nor the term 'alter[.]'" (*Id.*). Instead, the Court conditioned the issuance of a writ on the Court of Common Pleas "impos[ing] a new judgment of sentence[.]" (*Id.*) (quoting ECF No. 80 at 2).

Judge Pesto noted that the Superior Court found that this "did not vacate Bellon's sentence, but rather, ordered the correction of only the maximum sentences." (*Id.*) (quoting *Bellon*, 2021 WL 688787, at *4). "This Court's [O]rder[,]" he explained, "did not take a position on whether the state courts should do anything else [and] observed that [Bellon] could ask for additional relief in the state courts and that the writ did not constrain the state courts from granting such relief." (*Id.*). Because "[t]he denial by the state courts of [Bellon's] request for additional relief was not in violation of the letter or spirit of the writ[,]" Judge Pesto recommended that Bellon's Rule 70 Motion be denied. (*Id.*).

Bellon objected to Judge Pesto's Report and Recommendation. (ECF Nos. 113, 114). But upon review, this Court denied Bellon's objections, adopted the Report and Recommendation, and denied Bellon's Rule 70 Motion. (ECF No. 115). Shortly thereafter, Bellon appealed. (ECF No. 117).

On appeal, the Third Circuit remanded the matter back to this Court "for the sole purpose of either issuing a certificate of appealability or stating reasons why a certificate of appealability should not issue." (ECF No. 120). The Third Circuit stayed Bellon's appeal pending this Court's determination of that issue. (*Id.*).

Judge Pesto then filed a Report and Recommendation, recommending that a certificate of appealability be denied. (ECF No. 121). He found that "jurists of reasons would not debate that the conditional writ was not violated by the resentencing in Blair County, and therefore that the Rule 70 motion should be denied." (*Id.* at 1–2). Bellon objected, (ECF No. 124), but this Court rejected his objections and agreed with Judge Pesto that a certificate of appealability should be denied. (ECF No. 125).

Over a year later, in December 2023, Bellon filed the now-pending Rule 60(b) Motion. (ECF No 126). As Judge Pesto recognized in his subsequent Report and Recommendation, at the time Bellon filed his Motion, "[t]he appeal from the Court's previous denial of relief … in this matter [was] still pending at the Court of Appeals[.]" (*Id.*). Accordingly, Judge Pesto explained that this Court had no jurisdiction to grant the relief Bellon sought at that time. (*Id.*).

Nearly six months after Bellon filed his Rule 60(b) Motion with this Court, the Third Circuit dismissed Bellon's appeal as moot. (ECF No. 133). The Third Circuit explained that this Court's Order gave the Blair County Court of Common Pleas 120 days to "'impose a new judgment of sentence' in which the maximum sentence on each of the relevant PWID counts is 10 years' imprisonment." (ECF No. 133-2 at 4) (quoting ECF No. 80 at 2). "As Bellon's counsel conceded at argument," the court explained, "the Court of Common Pleas imposed a new judgment of sentence when it issued its January 2020 order." (*Id.*). The Third Circuit concluded

that Bellon's motion to enforce this Court's Order "is now moot" because the Court of Common Pleas "already complied with" that Order. (*Id.* at 5).

The Third Circuit also addressed several other arguments Bellon raised on appeal. In rejecting Bellon's contention "that the Court of Common Pleas was required to vacate his sentence[,]" the Third Circuit concluded that "the District Court's … Order did not require that." (*Id.* at 5 n.1). The court also noted that Bellon argued "that the January 2020 judgment of sentence is unlawful, both because of the sentence imposed and because of the procedures the [Court of Common Pleas] used (or failed to use) before imposing the judgment." (*Id.* at 5). "But any claims challenging the January 2020 judgment of sentence[,]" the Third Circuit explained, "must be raised in a new habeas petition that challenges that judgment." (*Id.*).

On this score, the Court notes, as the Third Circuit did, that Bellon filed a separate habeas petition challenging the January 2020 judgment of his sentence before this Court in March 2022. (*Id.* at 5 n.2); (*see also* Case No. 3:22-cv-44, ECF No. 1).

**B.     Bellon's Motions, Judge Pesto's Reports and Recommendations, and Bellon's Objections Thereto**

Bellon's Rule 60(b) Motion spans over forty pages and asserts myriad arguments. (ECF No. 126). The Court will address Bellon's arguments in further detail below, but his Motion generally launches five arguments. First, Bellon contends that this Court's Order granting him habeas relief "contains a mistake"—namely, that the Court improperly circumvented the Court of Common Pleas' "sentencing discretion" by directing that court to impose "a specific maximum sentence of 10 years" at the ten PWID counts. (*Id.* at 3).

Second, Bellon points to the fact that the Pennsylvania Superior Court, in addressing his

recent state appeal, determined that "no new sentence was imposed" when the Court of Common Pleas altered his sentence in January 2020. (*Id.* at 8). By Bellon's telling, this conclusion constitutes a "surprise" that likewise amounts to "newly discovered evidence" entitling him to relief under Rule 60(b) in the form of the Court "recall[ing] its mandate for clarification." (*Id.*); (*see also id.* at 18, 29).

Third, and throughout his Motion, Bellon re-asserts his contention that, pursuant to this Court's Order, he was entitled to be "resentenced" by way of a full-fledged resentencing hearing in state court. (*Id.* at 9, 15, 29). By not holding such a hearing, Bellon argues, the Court of Common Pleas failed to comply with this Court's order such that the Court must "recall the mandate for clarification." (*Id.* at 18, 29). In making this argument, Bellon states he "does not challenge the legality of his current unconstitutional sentence." (*Id.* at 23). Instead, he posits, "the only issue before this Honorable Court is whether the state court erroneously interpreted this Court's [O]rder." (*Id.*).

Bellon's fourth argument revolves around his alleged entitlement to relief under Rule 60(b) specifically. (*Id.* at 30). He first points to what he perceives as extraordinary circumstances justifying the relief he seeks, including the facts that: (1) the Third Circuit was, at the time, "seriously considering the merits of [his] motion to enforce the writ"; (2) the Court is "in a prime position to rectify any misunderstandings" and "clarify [its] intended purpose when the writ was issued"; (3) Bellon was not resentenced in open court with the benefit of a hearing; and (4) the Superior Court concluded that "no new sentence was imposed" even after his sentence was altered. (*Id.* at 30, 32, 35). He also contends that, unless the Court "reissue[s] the writ[,]" he would experience "extreme and unexpected hardship[.]" (*Id.* at 36).

Fifth, and finally, Bellon avers that the circumstances of his case "shock the conscience" —
seemingly invoking the term of art associated with an alleged substantive due process violation.
(*Id.* at 37). He argues that this standard is satisfied here "because Respondent and the state court
did everything in their power to deprive [him] of relief under *Alleyne*." (*Id.*).

Shortly after Bellon filed his Rule 60(b) Motion, Judge Pesto issued a Report and
Recommendation, recommending that Bellon's Motion be "denied for lack of jurisdiction and as
an abuse of the writ, without a certificate of appealability." (ECF No. 127). He explained that, at
the time of his Report and Recommendation, Bellon's appeal from the Court's previous denial of
relief was still pending before the Third Circuit. (*Id.*). He therefore found that "[t]his Court has
no jurisdiction at this time to grant the relief [Bellon] seeks." (*Id.*).

Nonetheless, Judge Pesto addressed the merits of Bellon's Motion. (*Id.*). He noted Bellon's
newly-filed habeas petition at a separate case number before this Court and concluded that
Bellon's Motion "seeks to file what is a new habeas petition within an old habeas petition and
should be denied as an abuse of the writ." (*Id.*).

Bellon timely objected to Judge Pesto's Report and Recommendation two days after it was
filed. (ECF No. 128). There, he first "objects on the grounds that he feels that he's being
discriminated against because of his pro se status." (*Id.* at 1).

He also takes aim at Judge Pesto's conclusion that his Motion should be dismissed as an
abuse of the writ, explaining that it was not his "intention[] to agitate the Court with frivolous
filings." (*Id.* at 1–2). Contrary to Judge Pesto's conclusion, Bellon argues, "the lack of authority
and [the] unprecedented events" of this case shows that his filings are "not an abuse of the writ."
(*Id.* at 2).

Further, Bellon emphasizes his argument that the state courts have erroneously interpreted this Court's Order, and that he is entitled to a "partial resentencing on the charges [] that were invalidated by [that] [O]rder." (*Id.* at 3). In closing, Bellon argues that "this Court has the authority to motion the Third Circuit to remand the case so that it can reissue the writ." (*Id.* at 4).

After the Third Circuit dismissed Bellon's appeal, (ECF No. 133), he filed a Motion requesting that the Court rule on his Rule 60(b) Motion on June 7, 2024. (ECF No. 134). In that filing, Bellon argues that the Third Circuit's decision "proves that [his] Rule 60(b) [M]otion is meritorious" because the opinion noted that Bellon filed a habeas petition in March 2022 challenging his "new judgment." (*Id.* at 2–3). According to Bellon, the Third Circuit's statement allows this Court to grant his Motion and "order the state court to conduct proceedings in accordance with the understanding that a new judgment was imposed." (*Id.* at 3).

Judge Pesto issued his second Report and Recommendation on July 2, 2024, and again recommended that Bellon's Rule 60(b) Motion be dismissed. (ECF No. 135). While Judge Pesto recognized that the Court now had jurisdiction to rule on Bellon's Motion, since the Third Circuit had dismissed his appeal, he maintained that Bellon's Motion "continues to seek to litigate what is in effect a new habeas petition within an old, closed habeas petition while a second habeas petition is proceeding." (*Id.* at 1–2).

On July 13, 2024, Bellon filed his objections to Judge Pesto's second Report and Recommendation. (ECF No. 138). Bellon first objects to the "portions of" the Report and Recommendation that "suggested that the Court lacks jurisdiction and that the current motion should be dismissed[.]" (*Id.* at 2). He also challenges Judge Pesto's conclusion that Bellon

improperly seeks to litigate a new habeas petition within an old habeas petition. (*Id.*). On that score, he re-asserts his argument that his Rule 60(b) Motion does not challenge the January 2020 judgment imposed by the Court of Common Pleas. (*Id.* at 5).

By Bellon's telling, Judge Pesto's conclusions are "in direct conflict" with the Supreme Court's decisions in *United States v. American Railway Express Co.*, 265 U.S. 425 (1924), and *Jennings v. Stephens*, 574 U.S. 271 (2015). (*Id.* at 3). He contends that *Jennings* provides him with "an absolute right to defend his grant of habeas corpus relief effectively and that right consists of the state courts honoring the mandates that were issued[.]" (*Id.* at 5).

And throughout his second set of objections, Bellon re-raises his earlier arguments that the state court's errors after this Court granted him habeas relief constitute a surprise or extraordinary circumstances that entitle him to relief under Rule 60(b). (*Id.* at 3–8).

## II.     Discussion

Where, as here, a party timely files objections, the Court conducts a de novo review of any part of the Reports and Recommendations that have been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify Judge Pesto's recommended disposition. For the reasons that follow, the Court will accept Judge Pesto's recommendation that Bellon's Rule 60(b) Motion be denied.

The Court first notes that Judge Pesto correctly concluded that, while Bellon's appeal was pending before the Third Circuit, the Court was unable to grant Bellon the relief he seeks through his Rule 60(b) Motion. But as Judge Pesto recognized in his second Report and Recommendation, (ECF No. 135 at 1), now that the Third Circuit has resolved Bellon's appeal, (ECF No. 133), his pending Motion is ripe for disposition.

Rule 60(b) provides a mechanism through which a party can seek relief from a court's final judgment based on, *inter alia*, mistake, surprise, newly discovered evidence, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (2), (6). In the context of Bellon's case, "[i]t is widely recognized that petitioners seeking habeas relief under [] 28 U.S.C. § 2254 ... may seek relief from final judgment pursuant to Rule 60(b)." *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 440 (3d Cir. 2021); *see also Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases[.]").

But Supreme Court precedent precludes a petitioner such as Bellon from "filing a 'second or successive' habeas petition disguised as a Rule 60(b) motion[.]" *Anariba*, 17 F.4th at 441; *see also Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005). In *Gonzalez*, the Supreme Court "held that a Rule 60(b) motion in the § 2254 context should be construed as a new habeas petition when it 'seeks vindication' of a 'claim,' *i.e.*, when the Rule 60(b) motion advances 'an asserted federal basis for relief from a state court's judgment of conviction.'" *Anariba*, 17 F.4th at 441 (quoting *Gonzalez*, 545 U.S. at 530–31). A Rule 60(b) motion is proper, however, where it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

Only one of the arguments in Bellon's Rule 60(b) Motion and his subsequent objections—that this Court's Order, which partially granted the initial habeas relief he sought, "contains a mistake[,]" (ECF No. 126 at 3)—can be liberally construed as attacking an alleged defect in the integrity of his habeas proceedings before this Court. In the interest of thoroughness, the Court briefly explains why this argument is unavailing.

Recall that the "mistake" Bellon alleges is that this Court "circumvented the state court's

sentencing discretion" by directing the Court of Common Pleas to adjust Bellon's sentence on the ten PWID convictions to accord with the statutory maximum period of incarceration. (*Id.*). But what Bellon offers as a "mistake" was simply the Court affording Bellon relief on the cognizable argument advanced in his initial Petition—that his sentence was illegal.

Indeed, when confronted with the obvious constitutional error of Bellon's initial sentence—the ten PWID convictions that carried maximum sentences (14 years) that exceeded the applicable statutory maximum period of incarceration (10 years)—the Court issued a conditional writ directing the Blair County Court of Common Pleas to "impose a new judgment of sentence in which the maximum sentence as to" the ten PWID convictions "is 10 years." (ECF No. 80 at 2).

Moreover, the Court was sure to explain that its Order "does not constrain ... the Court of Common Pleas from making any other changes to its judgment of sentence." (*Id.*). And the Court of Common Pleas, in its resentencing order, "concede[d]" that it was "not constrained from making changes," but nonetheless felt "disinclined to do so beyond [Bellon] receiving the benefit of the reduced maximum[.]" (ECF No. 126-1 at 11). In short, this Court's Order directed that Bellon's sentence as to the ten PWID convictions be *no more than* 10 years, but the Order did not bar the Court of Common Pleas from opting for a maximum sentence of *less than* 10 years.[2]

Thus, contrary to Bellon's assertion, instructing the Court of Common Pleas to correct its error and adjust Bellon's sentence such that it did not exceed the statutory maximum period of incarceration in no way circumvented the state court's sentencing discretion. Rather, the Court's

---

[2] Put differently, this Court directed the Court of Common Pleas, in adjusting Bellon's sentence, to adhere to the 10-year statutory maximum at the ten PWID convictions. But this Court's Order did not *require* the Court of Common Pleas to impose the statutory maximum sentence of 10 years.

Order effectuated its primary responsibility in addressing Bellon's habeas Petition—"rectify[ing] constitutional errors in his [initial] criminal" sentence. *Scott v. Thompson*, No. 11-CV-2382, 2011 WL 3565085, at *4 (E.D. Pa. June 21, 2011).

The remainder of the arguments advanced in Bellon's Rule 60(b) Motion focus on alleged errors committed by the state courts during the proceedings that occurred after this Court issued its conditional writ. This brings the Court to Bellon's primary objection to both of Judge Pesto's Reports and Recommendations: that Judge Pesto erred in concluding that Bellon's Rule 60(b) Motion should be dismissed as an abuse of the writ. (ECF No. 128 at 1–2; ECF No. 138 at 2).

At the outset, the Court does not understand Judge Pesto's finding that Bellon's Motion is an abuse of the writ to imply that his Motion constitutes a "second or successive" habeas petition in the traditional sense. This is primarily because Bellon's state-court arguments take aim at proceedings that postdate his initial Petition. And "a subsequent petition" is "clearly *not* a 'second or successive' petition … if the claim had not arisen or could not have been raised at the time of the prior petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (emphasis in original).

Instead, Judge Pesto's conclusion rested on his determination that Bellon, in his Rule 60(b) Motion, "seeks to file what is a new habeas petition within an old habeas petition[.]" (ECF No. 127; ECF No. 135). The Court agrees and will therefore deny Bellon's objections on this score.

When addressing Bellon's most recent appeal, the Third Circuit explained that Bellon's "claims challenging the January 2020 judgment of sentence must be raised in a new habeas petition that challenges that judgment." (ECF No. 133-2 at 5). In support of that determination, the court cited *Magwood v. Patterson*, 561 U.S. 320, 331–33 (2010), for the proposition "that a habeas

petition challenging a new judgment of sentence is a first habeas petition[.]" (*Id.*).

The Third Circuit's reasoning bolsters Judge Pesto's conclusion that Bellon's Rule 60(b) Motion—which primarily targets his January 2020 resentencing and related state court proceedings[3]—improperly "seeks to file … a new habeas petition[.]" (ECF No. 127). Simply put, because Bellon's Motion attacks an "intervening judgment[,]" the appropriate avenue for relief is by way of a subsequent § 2254 petition, not a Rule 60(b) Motion seeking relief from the Court's previous grant of habeas relief on a Petition that challenged his initial judgment.[4] *Cf. Magwood*, 561 U.S. at 339; *cf. also In re Brown*, 594 F. App'x 726, 729 (3d Cir. 2014) (explaining that, under *Magwood*, "'where a first habeas petition results in an amended judgment, a subsequent petition is not successive'" where it challenges "'the sentence'") (quoting *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010)).

---

[3] While Bellon objects that his Rule 60(b) Motion does not challenge the January 2020 sentence imposed by the Court of Common Pleas, the substance of his Motion contradicts this assertion. (ECF No. 138 at 5). It is true that Bellon's Motion states that he "does not challenge the legality of his current unconstitutional sentence." (ECF No. 126 at 23). But in the same breath, Bellon claims that "the only issue before this [] Court is whether the state court erroneously interpreted this Court's order." (*Id.*). And his arguments that the state court erred undoubtedly attack his amended state-court sentence. For example, Bellon argues that the state court's treatment of his "resentence[ing]" "violate[d] the spirit" of a Supreme Court case that "banned selective applications of new rules." (*Id.* at 14). He similarly contends that the state court improperly failed to "afford[] [him] the opportunity to" present certain arguments regarding his January 2020 sentence because he "was not brought before the state court." (*Id.* at 15). He also takes aim at the Pennsylvania Superior Court's conclusion that "no new sentence was imposed[,]" which challenges the state proceedings related to the January 2020 sentence. (*Id.* at 35). And the relief Bellon seeks through his Rule 60(b) Motion— that this Court "order a proper resentencing proceeding"—directly attacks the fact that his January 2020 sentence was imposed without such a proceeding. (ECF No. 128 at 38).

[4] This conclusion also forecloses Bellon's arguments and objections that he is entitled to relief under Rule 60(b) on the basis of surprise or extraordinary circumstances. (ECF No. 126 at 8, 30–36; ECF No. 138 at 3, 7). The events Bellon argues constitute surprise or extraordinary circumstances, which include the Court of Common Pleas' failure to hold a resentencing hearing and the Pennsylvania Superior Court's conclusion that no new sentence was imposed in January 2020, (ECF No. 126 at 30–35), attack the intervening state court judgment and are therefore improperly raised in a Rule 60(b) Motion filed in this case. *See Brown*, 594 F. App'x at 729.

In fact, as previously explained, Bellon *has* filed a subsequent habeas petition with this Court challenging his January 2020 judgment of sentence. (*See* Case No. 3:22-cv-44, ECF No. 1). And Bellon asserts similar arguments as those found in his Rule 60(b) Motion in this subsequent petition. (*Id.*). For example, he takes aim at the "state court['']s determination regarding a prospective application of *Alleyne*[,]"and the fact that the state court "deprived him of a new sentencing proceeding[.]" (*Id.* at 15). He also seeks similar relief in both his subsequent petition and his Rule 60(b) Motion. (*See* ECF No. 126 at 38) (requesting "a proper resentencing proceeding"); (*see also* Case No. 3:22-cv-44, ECF No. 1 at 17) (requesting, among other things, "a new sentencing proceeding").

The Court therefore finds Bellon's objections on this score[5] unavailing and ultimately agrees with Judge Pesto that Bellon's Rule 60(b) Motion should be denied. Bellon's remaining objections to Judge Pesto's second Report and Recommendation do not alter the Court's conclusion.

First, Bellon's objection to the "portions" of Judge Pesto's Report and Recommendation where it is "suggested that the Court lacks jurisdiction" rests on a misreading of Jude Pesto's findings. (ECF No. 138 at 2). Judge Pesto merely recognized that the "Court *had* no power to grant the relief [Bellon] seeks" when he filed his Rule 60(b) Motion, since his appeal was still pending

---

[5] The Court likewise denies Bellon's objection that he is "being discriminated against because of his pro se status." (ECF No. 128). His objections appear to suggest that he is referring to alleged discrimination throughout his state court proceedings. (*See id.* at 2–3) (claiming that "the Superior Court['s]" actions "amount to … the bullying of a pro se petitioner" and suggesting that the state courts refused to acknowledge clearly established law governing this Court's conditional writ). Again, the propriety of the state court proceedings to which Bellon refers will be addressed through his subsequent § 2254 petition. Moreover, to the extent Bellon alleges that he "has been treated unfairly" before this Court, the Court rejects such an argument. Upon an independent review of the record, the Court finds no indication that Bellon has been subjected to bias, mistreatment, or discrimination throughout his habeas proceedings.

before the Third Circuit. (ECF No. 135 at 1). And Judge Pesto was sure to acknowledge that because the Third Circuit had ruled on Bellon's appeal, the previous "jurisdictional impediment" was "remove[d.]" (*Id.*). Judge Pesto therefore made no error in this regard.

Second, Bellon's reliance on *United States v. American Railway Express Co.*, 265 U.S. 425 (1924), and *Jennings v. Stephens*, 574 U.S. 271 (2015), is misplaced. (ECF No. 138 at 3, 5, 7). Though *American Railway* dealt primarily with a statutory interpretation question involving the Transportation Act of 1920, 265 U.S. at 427, *Jennings* applied *American Railway* in the habeas context, 574 U.S. at 276.

In that case, Robert Mitchell Jennings ("Jennings") was convicted of capital murder and sentenced to death in Texas state court. 574 U.S. at 273–74. Jennings subsequently applied for federal habeas relief, arguing that his trial counsel was ineffective and advancing three theories in support of that proposition. *Id.* at 274–75. The federal habeas court granted Jennings relief on two theories but rejected his third. *Id.* at 275. Accordingly, the court issued a conditional writ ordering the state court to "grant Jennings a new sentencing hearing or resentence[] him[.]" *Id.* (internal quotations and citation omitted).

But the state appealed, attacking the two theories the habeas court found entitled Jennings to relief. *Id.* Before the federal appellate court, Jennings again asserted that his third theory supported his request for habeas relief. *Id.* The appellate court, however, found that it lacked jurisdiction to consider Jennings's third theory and implied that advancing that theory required taking a cross-appeal. *Id.* The Supreme Court granted certiorari "to decide whether Jennings was required to file a notice of cross-appeal and seek a certificate of appealability to pursue his [third] theory." *Id.*

-18-

The Court began its analysis by invoking *American Railway*, explaining that:

> An appellee who does not take a cross-appeal may "urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court." *United States v. American Railway Express Co.*, 265 U.S. 425, 435, 44 S. Ct. 560, 68 L. Ed. 1087 (1924). But an appellee who does not cross-appeal may not "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary." *Ibid.*

*Id.*

The Court reasoned that Jennings's third theory did not seek to expand his rights because that theory would entitle him to the same rights provided by the habeas court's judgment below. *Id.* "Because Jennings'[s] [third] theory would neither have enlarged his rights nor diminished the State's rights under the District Court's judgment," the Court concluded that "he was required neither to take a cross-appeal nor to obtain a certificate of appealability." *Id.* at 283.

Here, Bellon contends that *American Railway* and *Jennings* afford him "an absolute right to defend his grant of habeas corpus relief effectively[,] and that right consists of the state courts *honoring the mandate*[]" this Court issued. (ECF No. 138 at 5) (emphasis added). By seeking a resentencing hearing, then, Bellon argues that he "is seeking to protect the [Court's] original judgment for what it is[,]" and is "not seeking to enlarge his rights under the judgment nor is he trying to lessen the rights of the State." (*Id.* at 6–7).

Implicit in Bellon's argument is that this Court's Order affording him habeas relief entitled him to a resentencing hearing, such that the Court of Common Pleas failed to "honor[]" this Court's mandate by not holding such a hearing. (*Id.* at 5); (*see also* ECF No. 126 at 23) ("[T]he only issue before this Honorable Court is whether the state court *erroneously interpreted* this Court's [O]rder.") (emphasis added). The Third Circuit's Mandate, however, forecloses Bellon's

argument on this score.

The Third Circuit dismissed Bellon's appeal—which, much like his pending Rule 60(b) Motion, sought to enforce this Court's mandate—because "the Court of Common Pleas already *complied* with" this Court's Order. (ECF No. 133-2 at 5) (emphasis added). The court also rejected Bellon's argument that this Court's Order required the Court of Common Pleas to vacate his sentence. (*Id.* at 5 n.1). So, Bellon's argument that his request for a resentencing hearing resembles the relief sought by the petitioner in *Jennings* because it simply "seek[s] to protect the" Court's "original judgment for what it is" carries little weight where the Third Circuit has rejected his arguments that the Court of Common Pleas failed to comply with this Court's Order. (ECF No. 138 at 6–7).

To be abundantly clear, the Court's conclusion on this score is narrow, and it should not be interpreted to mean that Bellon was unequivocally not entitled to a resentencing hearing before the Court of Common Pleas. The Court only concludes that its Order granting Bellon habeas relief did not mandate such a hearing. Whether the state court's failure to afford Bellon a resentencing hearing violated his constitutional rights and "conflict[ed] with clearly established federal law" remains to be litigated at the habeas petition Bellon filed challenging his January 2020 judgment of sentence. (Case No. 3:22-cv-00044, ECF No. 1 at 15).

In sum, the Court only holds, as Judge Pesto did, that Bellon's Rule 60(b) Motion is not the proper vehicle through which to challenge his amended sentence and the state-court proceedings associated therewith.[6]

_____

[6] The Court also concurs with Judge Pesto's recommendation that a Certificate of Appealability should not issue. (ECF No. 127). Reasonable jurists would not disagree with either of this Court's conclusions: (1) that Bellon's subsequent habeas petition, not his Rule 60(b) Motion regarding his initial Petition, is the

An appropriate Order follows.

---

appropriate vehicle through which to challenge his January 2020 judgment of sentence; and (2) this Court's initial Order granting Bellon habeas relief did not interfere with the Court of Common Pleas' sentencing discretion. *Slack v. McDaniel,* 529 U.S. 473, 474 (2000); (*see also* ECF No. 133-2 at 5).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BELLON, | ) | CIVIL ACTION NO. 3:15-cv-131 |
| | ) | |
| Petitioner, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| TAMMY FERGUSON, *Superintendent of* | ) | |
| *SCI Benner Township,* | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

AND NOW, to wit, this 12th day of August, 2024, it is **HEREBY ORDERED** that Petitioner Charles Bellon's Objections at ECF Nos. 128 and 138 are **DENIED** for the reasons set forth in the accompanying Memorandum Opinion, and the Court adopts Judge Pesto's Reports and Recommendations at ECF Nos. 127 and 135, insofar as they conclude that Bellon's Rule 60(b) Motion should be denied and no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that Petitioner Charles Bellon's Rule 60(b) Motion, (ECF No. 126), is **DENIED** for the reasons set forth in the accompanying Memorandum Opinion, Judge Pesto's Reports and Recommendations at ECF Nos. 127 and 135, and the Third Circuit's Mandate at ECF No. 133.

**IT IS FURTHER ORDERED** that Petitioner Charles Bellon's "Motion to Rule on 60(b)[,]" (ECF No. 134), is **TERMINATED AS MOOT.**

IT IS FURTHER ORDERED that issuance of a certificate of appealability is **DENIED.**

**BY THE COURT:**

**THE HONORABLE KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

**Notice to by U.S. Mail to:**

Charles Bellon, FN-8112
SCI Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001