IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BELLON, Petitioner | : |
| v. | : Case No. 3:15-cv-131-KRG-KAP |
| TAMMY FERGUSON, Superintendent, | : |
| S.C.I. Benner, Respondent | : |

<u>Memorandum Order</u>

  Petitioner's petition for a writ of habeas corpus was decided in 2019, ECF no. 80, and a motion for certificate of appealability was denied at No. 19-3506 (3d Cir. July 1, 2020). In the wake of the denial of the certificate of appealability, petitioner began litigating further challenges to his custody using multiple Rule 60(b) motions to vacate the judgment in this matter, and by what petitioner styled as a Rule 70 Motion. Petitioner's appeal from this court's denial of that motion was dismissed as moot at No. 22-1602 (3d Cir. January 12, 2024). Petitioner also has pending a civil complaint for damages against persons involved or allegedly involved in his prosecution, <u>Bellon v. Shapiro</u>, Case No. 3:21-cv-100-KRG-KAP (W.D.Pa.), and a new habeas petition at <u>Bellon v. Houser,</u> Case No. 3:22-cv-44-KRG-KAP (W.D.Pa.), and is litigating matters in the state courts that touch on the ability of this court to consider the petition in <u>Bellon v. Houser,</u> Case No. 3:22-cv-44-KRG-KAP (W.D.Pa.).

  Where things stand in this case is that petitioner's most recent Rule 60 motion was denied without a certificate of appealability in August, *see* ECF no. 139, and a couple of weeks later petitioner nevertheless filed the motion at ECF no. 140 seeking a certificate of appealability. Shortly after that, petitioner filed a "Motion to Withdraw Appeal" at ECF no. 141, that claims at ¶2 that petitioner "filed an appeal."

  The motion at ECF no. 141 may have been motivated by proceedings in <u>Bellon v. Houser,</u> Case No. 3:22-cv-44-KRG-KAP (W.D.Pa.), an appearance supported by the petitioner's filing of a petition for a writ of mandamus at the Court of Appeals, which petition was denied last week at <u>In re: Charles Bellon</u>, No. 24-2897 (3d Cir. December 3, 2024). The Court of Appeals, in denying petitioner's petition for mandamus, interpreted ECF no. 141 as a motion to withdraw the motion for a certificate of appealability, *see id.* at 3, and in the alternative, if the motion at ECF no. 140 were construed as a notice of appeal, as a motion to voluntarily dismiss a notice of appeal, *see id.* at 4-5.

  With that guidance from the Court of Appeals, it is clear that ECF no. 140 and ECF no. 141 would cancel each other. But that leaves ECF no. 144, filed October 21, 2024 and styled "Motion to Correct Caption… ." The Court of Appeals commented:

1

In that motion, and despite already having asked to withdraw his appeal/COA motion and having already filed this mandamus petition, Bellon asked the District Court to treat his appeal/COA motion as a notice of appeal and forward it to this Court. This recent filing, which the District Court can address, is another reason why we conclude that mandamus relief is not warranted at this time.

In re: Charles Bellon, No. 24-2897, *supra* at 5 n.1. In the motion at ECF no. 144, petitioner complains that this court should have understood what he wanted regardless of what he had submitted and treated the now withdrawn motion at ECF no. 140 as a notice of appeal. As the Court of Appeals suggested, ECF no. 144 in effect asks this Court to disregard ECF no. 141 and re-write ECF no. 140.

In the end, it may be that petitioner hopes to press his challenges to his custody in the petition pending at Bellon v. Houser, Case No. 3:22-cv-44-KRG-KAP (W.D.Pa.) and will drop any appeal of this matter. But if he has any viable arguments to make to the Court of Appeals in connection with this matter, he must start by filing a notice of appeal. Despite flailing around for three months in two courts, it now is clear enough that petitioner was trying to do that, although incorrectly, in his original motion. Accordingly, construing ECF no. 140, ECF no. 141, and ECF no. 144 together, the following Order is entered:

ECF no. 144 is granted in part: the Clerk shall docket ECF no. 140 as a notice of appeal from the Court's August 12, 2024 Order at ECF no. 139, and motion for a certificate of appealability directed to the Court of Appeals.

ECF no. 140 is ordered terminated as a motion because it is construed as a notice of appeal.

ECF no. 141 is ordered terminated as moot.

DATE: December 9, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Charles Bellon FN-8112
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA 15510